# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

MILTON ESTUARDO GARCIA
17 Cross Street
Laurel, Maryland 20723

AUNER UBIAN MENDOZA HERNANDEZ
14006 Adkins Road
Laurel, Maryland 20708

   *Plaintiffs*,
 v.

EJ DEVELOPMENTS INC.
13718 Washington Blvd.
Laurel, Maryland 20707

SERVE: Edward Hyun Lee
    13718 Baltimore Ave.
    Laure, Maryland 20707

EDWARD HYUN LEE
8605 Rapley Gate Terrace
Potomac, Maryland 20854

   *Defendants*.

Case No.: 21-1994

## COMPLAINT

Plaintiffs, Milton Estuardo Garcia ("Plaintiff Garcia") and Auner Ubian Mendoza Hernandez ("Plaintiff Hernandez") bring suit against EJ Developments Inc. ("EJ") and Edward Hyun Lee ("Lee") (collectively "Defendants") for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. § 3-415, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., § 3-501, *et seq.* In support of their claims, Plaintiffs state as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' state law claims under 28 U.S.C. § 1367.

2. This Court has in *personam jurisdiction* over Defendants because they conduct business in the State of Maryland, EJ maintains its principal place of business in Maryland, and all the events giving rise to Plaintiffs' claims occurred in Maryland.

## THE PARTIES

3. Plaintiff Garcia is an adult resident of Prince George's County, Maryland.

4. Plaintiff Hernandez is an adult resident of Prince George's County, Maryland.

5. EJ is a corporation organized under the laws of the state of Maryland which maintains its principal place of business in Maryland at 13718 Washington Blvd., Laurel, Maryland. EJ operates a seafood restaurant where Plaintiffs worked called "Mid-Atlantic Seafood." At all times relevant, EJ was an employer of both Plaintiffs within the meaning of the FLSA, MWHL and the MWPCL because, through its owners, officers and agents, including Lee: (1) it hired the Plaintiffs; (2) it set Plaintiffs' rates of pay and paid their wages; (3) it controlled the terms and conditions of Plaintiffs' employment; (4) it maintained Plaintiffs' employment records; (5) it was responsible for the violations at issue in this case; and (6) it could terminate Plaintiffs' employment. EJ meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203(s)(1)(A)(i), as it, either alone or collectively, has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or

business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

6. Lee is an incorporator of EJ, as well as an owner, officer, director, and President. Lee, individually, was an employer of both Plaintiffs within the meaning of the FLSA, MWHL and the MWPCL because: (1) he is an owner, officer and director of EJ and was substantially involved in the day-to-day affairs of the corporation; (2) he made the decision to hire both of the Plaintiffs; (2) he set Plaintiffs' rates of pay; (3) on several occasions, he approved incremental increases in each Plaintiff's pay; (4) he made the decision about how frequently Plaintiffs would be paid; (5) he decided to pay Plaintiffs part of their wages with a check and the other part in cash; (6) he issued Plaintiffs fraudulent paystubs which failed to accurately report Plaintiffs' wages, and on many occasions he would be the one to hand Plaintiffs their check or cash payment; (7) he maintained Plaintiffs' employment records; (8) he gave Plaintiffs work assignments and set their work schedules; (9) he had the authority to discipline Plaintiffs and terminate their employment from EJ; (10) he was responsible for the violations of the FLSA, the MWHL and the MWPCL; and (11) as co-owner of EJ, he had the ability to allocate corporate funds as profits, and regularly did so.

## STATEMENT OF FACTS

7. Plaintiff Garcia was hired by Lee to work at Mid-Atlantic Seafood in 2009.

8. At all times relevant to this Complaint, Plaintiff Garcia's duties included, but were not limited to, cleaning the restaurant, working the deep fryer and preparing food on the grill.

9. Plaintiff Garcia stopped working for Defendants in or around December 2020, when he resigned.

10. Plaintiff Hernandez was hired by Lee to work at Mid-Atlantic Seafood in or around 2012.

11. At all times relevant to this Complaint, Plaintiff Hernandez's duties included, but were not limited to, cleaning and preparing fish, and cleaning the restaurant.

12. Plaintiff Hernandez was terminated by Defendants in April 2021.

13. During their entire employment with Defendants, Plaintiffs: (1) did not hire and fire employees of EJ; (2) make recommendations regarding the hiring and firing of employees' (3) did not supervise employees; and (4) did not exercise independent judgment regarding any operational decisions at EJ.

14. Lee regularly supervised Plaintiffs while they worked, gave them their daily assignments, and instructed them to perform various tasks at the restaurant.

15. During the period of time which is the subject of this Complaint (three years and two weeks prior to the filing date), Plaintiff Garcia typically worked approximately 60 to 75 hours a week. There were instances where Plaintiff Garcia's weekly hours exceeded 75 hours, but this was not often.

16. During the period of time which is the subject of this Complaint (three years and two weeks prior to the filing date), Plaintiff Hernandez typically worked approximately 60 to 75 hours a week. There were also instances where Plaintiff Hernanez's weekly hours exceeded 75 hours.

17. During part of the time that Plaintiffs were employed by Defendants, they paid Plaintiffs exclusively in cash.

18. Plaintiffs were not tipped employees and did not receive tip wages.

19. Sometime in 2018, Defendants started paying Plaintiffs' wages partly with cash and partly with check.

20. The check payments were made on a bi-weekly basis and the amount did not vary.

21. Defendants designated the check portion as a "salary" on the paystubs that Plaintiffs received with the checks.

22. The paystubs that Defendants provided to Plaintiffs were fraudulent because they did not accurately state all of the wages that Plaintiffs received each pay period.

23. Defendants paid a portion of Plaintiffs' wages in cash on a weekly basis.

24. Plaintiffs worked in excess of 40 hours each week, but were not paid an overtime premium for the hours they worked in excess of 40.

25. In some weeks, Plaintiffs were paid nothing at all for some of the hours they worked.

26. The Plaintiffs are not in possession of their time or payroll records, these records, to the extent accurate records exist, are in the exclusive possession of the Defendants.

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201, *et seq.*

27. Plaintiffs repeat and incorporate by reference herein all allegations of fact set forth above.

28. At all times relevant to the Complaint, Plaintiffs were "employees" of all Defendants within the meaning of the FLSA, and Defendants were "employers" of the Plaintiffs within the meaning of the FLSA.

29. Plaintiffs typically worked anywhere between 20 to 35 hours of overtime each week during the time they worked for the Defendants.

30. Defendants violated the FLSA overtime provisions by knowingly failing to pay Plaintiffs one-and-one-half times their regular hourly rate for each hour over 40 that they worked in a workweek. Defendants also violated the FLSA by failing to pay Plaintiffs anything at all for some of the hours they worked.

31. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith.

32. Defendants are liable to Plaintiffs under 29 U.S.C. § 207(a) of the FLSA, for their unpaid and illegally withheld overtime wage compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

33. The approximate amount owed to the Plaintiffs based on the FLSA violations cannot be determined at this time because Plaintiffs do not have access to their time and payroll records which, to the extent accurate records exist, are in the exclusive possession of the Defendants.

## COUNT II
## VIOLATIONS OF THE MWHL
### Md. Code Ann. Labor & Empl. Art. § 3-415, *et seq*.

34. Plaintiffs repeat and incorporate by reference herein all allegations of fact set forth above.

35. At all times relevant to the Complaint, Plaintiffs were "employees" of all Defendants within the meaning of the MWHL, and Defendants were Plaintiffs' "employers" within the meaning of the MWHL.

36. Plaintiffs typically worked anywhere between 20 to 35 hours of overtime each week.

37. Defendants knowingly, willfully and intentionally violated Plaintiffs' rights under the MWHL by failing to pay Plaintiffs an overtime premium for the hours they worked in excess of 40.

38. Defendants' unlawful failure or refusal to pay the required overtime wages was not in "good faith" within the meaning of the MWHL.

39. Defendants are liable to Plaintiffs pursuant to the MWHL for their unpaid and illegally withheld overtime wages, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

40. The approximate amount owed to the Plaintiffs based on the MWHL violations cannot be determined at this time because Plaintiffs do not have access to the relevant time and payroll records which are in the exclusive possession of the Defendants.

## COUNT III
## VIOLATIONS OF THE MWPCL

41. Plaintiffs repeat and incorporate herein all allegations of fact set forth above.

42. Defendants failed to pay Plaintiffs anything at all for some of their work hours. In doing so, Defendants willfully and intentionally violated Plaintiffs' rights under the MWPCL, and their unlawful failure or refusal to pay Plaintiffs their duly earned wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

43. Plaintiffs suffered consequential damages as a result of the Defendants failure to pay them all of their earned wages.

44. Defendants are liable to Plaintiffs pursuant to the MWPCL for their unpaid and illegally withheld wages and single liquidated damages, reasonable attorneys' fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a. enter a judgment against Defendants, jointly and severally, and in favor of each Plaintiff, in the amount of each Plaintiff's respective unpaid and illegally withheld overtime wages since the beginning of their employment, plus an equivalent amount as liquidated

    damages pursuant to 29 U.S.C. § 216 (b);

b.  enter a judgment against Defendants, jointly and severally, and in favor of each Plaintiff, in the amount of each Plaintiff's unpaid and illegally withheld overtime wages, plus an equivalent amount as liquidated damages pursuant to the MWHL; and

c.  enter a judgment against Defendants, jointly and severally, and in favor of each Plaintiff, in the amount of each Plaintiff's unpaid and illegally withheld wages, plus an amount equal to the unpaid wages as liquidated damages pursuant to the MWPCL; and

d.  award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b), Md. Code Ann., Labor & Empl. §§ 3-427 and 3-507.2.

                          Respectfully submitted,

                          /s/Suvita Melehy
                          Suvita Melehy
                          Maryland Bar No.: 13068
                          MELEHY & ASSOCIATES LLC
                          8403 Colesville Road, Suite 610
                          Silver Spring, MD 20910
                          Telephone: (301) 587-6364
                          Facsimile: (301) 587-6308
                          Email: smelehy@melehylaw.com

                          /s/Andrew Balashov
                          Andrew Balashov
                          Maryland Bar No.: 19715
                          MELEHY & ASSOCIATES LLC
                          8403 Colesville Road, Suite 610
                          Silver Spring, MD 20910
                          Tel: (301) 587-6364
                          Fax: (301) 587-6308
                          Email: abalashov@melehylaw.com
                          *Attorneys for Plaintiff*